UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 13-23167-CIV-GOODMAN

[CONSENT CASE]

ELINA GONZALEZ,

      Plaintiff,

v.

KARLA BAKERY III, INC. et al.,

      Defendants.
_____/

### ORDER APPROVING FLSA SETTLEMENT
### AND *AMENDING* ATTORNEY'S FEES AND COSTS AWARD

This matter is before the Court following a telephonic fairness hearing held on November 15, 2013, during which the Court heard from counsel regarding the fairness of the settlement of the plaintiff's claims alleging violations of the Fair Labor Standards Act ("FLSA"). The Court also reviewed the terms of the parties' settlement agreement, the billing records submitted by plaintiff's counsel pursuant to the Court's post-hearing order [ECF Nos. 24; 25], and other relevant portions of the record.

In general, the minimum wage and overtime provisions of the FLSA are mandatory and not subject to negotiation or bargaining between employers and employees. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945). However, there are two ways employees may settle and waive a claim against their employer for unpaid

minimum wages or overtime pay under the FLSA: (1) if the payment of unpaid minimum wage/overtime pay is supervised by the Secretary of Labor; <u>or</u> (2) in a private lawsuit brought by an employee, if the parties present the district court with a proposed settlement and the court enters an order approving the fairness of the settlement. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).

An employee may settle and release FLSA claims against his employer without the supervision of the Secretary of Labor if all of the following conditions are met: (1) the settlement occurs in an adversarial context; (2) there are issues of FLSA coverage and/or computations actually in dispute; and (3) the district court enters an order approving the settlement after scrutinizing the fairness of the settlement. *Lynn's Food Stores*, 679 F.2d at 1354.

The Court considered the factors outlined in *Lynn's Food Stores*, including the strength of the parties' cases, the factual positions of the parties, the existence (or lack thereof) of documents supporting or corroborating the parties' positions, the strength and weaknesses in the parties' respective cases, and the parties' desire to resolve the dispute sooner, rather than later.

The Court finds that the settlement here represents a genuine compromise of a bona fide dispute. The plaintiff has accepted less money than she claims she is owed while the defendants, who have denied liability, have agreed to pay the plaintiff more

than they believe she is due under the law. Both have agreed to settle as a result of reasonable strategic and financial considerations.

Therefore, the Court finds that the settlement here occurred in an adversarial context and that there are genuine coverage and computation issues in dispute. The Court further finds that the settlement reached by the parties represents a reasonable compromise by both sides and is fair and reasonable.

As for the amount of attorney's fees recoverable by plaintiff's counsel, the Court finds that the $10,480.00 in fees and costs which counsel would receive under the settlement agreement is <u>not</u> reasonable. [*See* ECF No. 21-1, p. 2]. Plaintiff's counsel would be receiving $10,000 in attorney's fees under the settlement, but the submitted billing records reflect that only $6,397.50 of attorney time was expended in the case – a figure representing only about two-thirds of the fee award counsel would actually recover. The Court instead finds that in light of the positive results obtained by plaintiff's counsel, a fees and costs award of <u>$9,000</u> is reasonable. This award includes $8,520 in attorney's fees and $480 in costs.

In sum, the Court approves the parties' $25,000 settlement. Plaintiff's counsel will recover $9,000 (a reasonable fees award of $8,520, plus $480 in costs), and the remaining $16,000 constitutes a reasonable recovery <u>for the plaintiff</u>. *See Silva v. Miller*, 307 F. App'x 349 (11th Cir. 2009).

**ORDERED** and **ADJUDGED** that the parties' settlement agreement is fair and

3

reasonable, with the exception of the amount of the settlement proceeds allocated to plaintiff's counsel for fees and costs. The settlement is therefore **APPROVED** as amended by this Order, and this action is **DISMISSED WITH PREJUDICE**. The Court reserves jurisdiction to enforce the terms of the parties' settlement. The Clerk is directed to **CLOSE THIS CASE** and deny any pending motions as moot.

**DONE AND ORDERED** in Chambers, in Miami, Florida, November 26, 2013.

*[signature]*

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of Record